**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RICARDO MUNOZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **HHE ENTERPRISES, INC. d/b/a** | ) |
| **HAMBURGER HEAVEN EXPRESS and** | ) |
| **SCOTT WISHECOBY, individually** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Ricardo Munoz, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against HHE Enterprises, Inc. d/b/a Hamburger Heaven Express and Scott Wishecoby, individually (herein "Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

1

**THE PARTIES**

4.      Plaintiff Ricardo Munoz resides and is domiciled in this judicial district.

5.      Plaintiff Ricardo Munoz is a former employee of Defendants; he was employed as a cook.

6.      While employed by Defendants, Plaintiff Ricardo Munoz handled materials such as spatulas, dishes, and stoves that were not manufactured in the state of Illinois.

7.      While employed by Defendants, Plaintiff Ricardo Munoz handled goods such as ground beef, sausages, and cheese that were not manufactured or produced in the state of Illinois.

8.      While employed by Defendants, Plaintiff Ricardo Munoz printed and prepared orders made via the internet on sites such as grubhub.com.

9.      During the course of his employment, Plaintiff Ricardo Munoz handled goods and materials that moved in interstate commerce.

10.      During the course of his employment, Plaintiff Ricardo Munoz performed non-exempt work.

11.       Defendant HHE Enterprises, Inc. d/b/a Hamburger Heaven Express does business within this judicial district.  Defendant HHE Enterprises, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.      Upon information and belief, during the last three years Defendant HHE Enterprises, Inc. had annual gross volume of sales made or business done that has exceeded $500,000 exclusive of excise taxes.

13.      Defendant HHE Enterprises, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

14.      Defendant Scott Wishecoby is the President of HHE Enterprises, Inc.

15.     Defendant Scott Wishecoby is involved in the day-to-day business operations of HHE Enterprises, Inc.  Among other things, Defendant Scott Wishecoby has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

16.     Defendant Scott Wishecoby was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

17.     Upon information and belief, Defendant Scott Wishecoby resides in and is domiciled within this judicial district.

## FACTUAL ALLEGATIONS

18.     Defendants operated a restaurant located in 3001 South Archer Avenue in Chicago, Illinois until November 29, 2019.

19.     Plaintiff Ricardo Munoz began his employment with Defendant over two years ago.

20.     Plaintiff Ricardo Munoz was paid $867.00 on February 13, 2019 for hours worked in the workweek starting February 3, 2019 and ending February 9, 2019.

21.     Plaintiff Ricardo Munoz worked 51 hours during the workweek ending on February 9, 2019.

22.     Plaintiff was paid $17.00 per hour for all hours worked during the workweek ending on February 9, 2019.

23.     As shown in the example above, Plaintiff Ricardo Munoz was required by Defendants to work more than 40 hours per week, but was not paid the premium rate of one- and one-half times his regular rate for all hours worked over 40.

24.     In an effort to conceal the failure to pay overtime wages, Defendants had a practice of

3

paying Plaintiff's wages in cash or in a combination of cash and check.

25.     Plaintiff was not paid for his last two weeks of work.

26.     Plaintiff is owed 48 hours for the hours worked in the workweek ending on November 23, 2019.

27.     Plaintiff is owed 44 hours for the hours worked in the workweek ending on November 30, 2019.

28.     Defendant Scott Wishecoby and a restaurant manager, acting as an agent for Defendants, contacted Plaintiff claiming that he was going to get his earned wages, but those wages were never paid.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

29.     Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff.

31.     Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

32.     Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

34.     Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

35.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

36.      Defendants did not compensate Plaintiff at a rate of one and one-half times his regular

4

hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

37.    Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorney fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages

38.    Plaintiff hereby realleges and incorporates paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

39.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

40.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.  Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

41.    At all relevant times herein, Defendants were Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

42.    During the course of his employment by Defendants, Plaintiff was not exempt from the

5

overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

43.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

44.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

45.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

46.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorney fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Illinois Wage Payment and Collection Act – Failure to Pay Final Compensation**

47.     Plaintiff hereby realleges and incorporates paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

48.     This count arises from Defendants' violation of the IWPCA 820 ILCS 115/5 for failure to pay final compensation.

49.     Defendants failed and refused to pay Plaintiff his earned wages for worked performed in the last two weeks in November 2019 at the rate agreed to by the parties.

6

50.     Plaintiff was not compensated for his final 92 hours of work.

51.      Defendants' failure to pay Plaintiff his final compensation at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all final compensation due Plaintiff, as provided by the Illinois Wage Payment and Collection Act;

B.      Prejudgment interest on the unlawful deductions in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorney fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

D.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  January 8, 2020                    **RICARDO MUNOZ**

By:  _s/Carlos G. Becerra
          One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com